# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC R. ALLEN, | 1:05-cv-00145-AWI-SMS-PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO COMPEL AND MOTION FOR SANCTIONS (Doc. 30.) |
| LT. R. HERNANDEZ, et al., | |
| Defendants. | |

Cedric R. Allen ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Now pending is plaintiff's motion to compel discovery and for sanctions.

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff filed the instant action on February 2, 2005. (Doc. 1.) On May 23, 2006, the court screened the complaint and found it stated cognizable claims for relief against defendants Hernandez, Pruneda and Beer for excessive force in violation of the Eighth Amendment for an incident allegedly occurring on August 9, 2003 at Corcoran State Prison while plaintiff was incarcerated there. (Doc. 7.) On December 11, 2006, defendants filed an answer to the complaint. (Doc. 13.) On December 20, 2006, the court issued a discovery and scheduling order establishing a deadline of August 20, 2007, for the parties to conduct discovery, including motions to compel. (Doc. 14.) On August 27, 2007, the discovery deadline was extended to

December 20, 2007. (Doc. 21.) On January 14, 2008, the discovery deadline was extended to February 20, 2008. (Doc. 24.) On April 10, 2008, the discovery deadline was extended to July 22, 2008. (Doc. 28.) On July 17, 2008, plaintiff filed a motion to compel discovery and for sanctions. (Doc. 30.) On August 4, 2008, defendants filed an opposition to plaintiff's motion. (Doc. 31.) Plaintiff has not filed a reply to the opposition.

**II.    MOTION TO COMPEL**

    **A.    *Request for Defendants to Produce Copy of Deposition***

Plaintiff requests a court order compelling defendants to produce a copy of his deposition transcript at government expense. Defendants argue that they are not obligated to bear the costs of making a copy of the deposition transcript and that plaintiff's in forma pauperis status does not entitle him to waive the cost of the transcript.

Nothing in the Federal Rules entitles plaintiff to a free copy of his deposition transcript. If plaintiff wishes to obtain a copy for his own records, he must pay for it, pursuant to Rule 30(f)(2) of the Federal Rules of Civil Procedure. The officer before whom the deposition was conducted must furnish a copy of the deposition to plaintiff upon payment of reasonable charges. Fed. R. Civ. P. 30(f)(2). However, there is no provision under the Federal Rules or the Local Rules for free copies of deposition transcripts. Further, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, and the in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by plaintiff in the instant motion. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). Therefore, plaintiff's request for a copy of his deposition transcript at government expense shall be denied.

    **B.    *Request for Court to Order Correctional Counselor to Allow Plaintiff to Inspect Central File***

Plaintiff also requests the court to issue an order instructing plaintiff's correctional counselor at the prison to allow plaintiff to inspect his central file and make copies.

Rule 37(a)(1) of the Federal Rules of Civil Procedure empowers a propounding party to bring a motion to compel discovery responses. If a party, in response to a request for inspection

submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling inspection in accordance with the request. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Plaintiff states that he made a written request to defendants for inspection of documents on March 11, 2008. Plaintiff submits a copy of the May 13, 2008 written response from defendant Hernandez, objecting to plaintiff's request for "the complete prison records of the plaintiffs [sic] Central files, and Medical files," and responding that "plaintiff's medical record and non-confidential parts of his central file are available for inspection and copying under applicable prison policies and procedures." (Deft's Response at p. 2:1-8.) Plaintiff also submits a copy of a letter dated May 27, 2008, from counsel for defendants, explaining that plaintiff can request review of his central file and medical records "from appropriate officials at the prison where [he] is confined." (Deft's Letter at p. 1.)

The court will not order defendants to produce documents that are equally accessible to both parties. As for plaintiff's request for the court to order his correctional counselor to act, the counselor is not a party to this action and therefore, the court does not have jurisdiction to issue such an order. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Defendants have accurately informed plaintiff that his medical record and non-confidential parts of his central file are available to him for inspection and copying at the prison. Plaintiff should make a request pursuant to the procedures in place at the prison. Accordingly, the court shall deny plaintiff's request for a court order enabling him to inspect his central file.

### III.   MOTION FOR SANCTIONS

Plaintiff also requests the imposition of sanctions on defendants in the sum of $75.00 as plaintiff's reasonable expenses in obtaining the court's order compelling discovery.

Under Rule 37(a), if a motion to compel is granted, the court must require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or

1 both to pay the movant's reasonable expenses incurred in making the motion, including attorney's
2 fees. Fed. R. Civ. Pro. 37(a)(5)(A). In light of the court's decision to deny plaintiff's motion to
3 compel, the motion for sanctions shall also be denied.

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to compel and for sanctions, filed on July 17, 2008, is DENIED.

IT IS SO ORDERED.

Dated:    **August 28, 2008**               /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE